### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| v. | * | **CRIM. NO. JKB-19-0036** |
| **CORREY CAWTHORN, et al.,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

The Court held a Motions Hearing on June 2, 2023 at which it heard argument and evidence relating to four Motions: Correy Cawthorn's Motion to Suppress Statements (ECF No. 344); Desmond Butler's Motion to Suppress Evidence (ECF No. 1007); Tyeshawn Rivers' Motion to Suppress Evidence Obtained from Aerial Surveillance Program (ECF No. 1101); and Rivers' Motion to Suppress Evidence Obtained from Search of Instagram Account (ECF No. 1100). The Court denied the first three Motions in open court, and will expand on its decision with respect to Rivers' Motion to Suppress Evidence Obtained from Aerial Surveillance Program (ECF No. 1101) below. The Court reserved on Rivers' Motion to Suppress Evidence Obtained from Search of Instagram Account (ECF No. 1100), and the parties will be directed to file additional briefing with respect to that Motion. However, the Government will be directed to no longer meaningfully retain access to the Instagram data.

### I. *Motion to Suppress Evidence Obtained from Aerial Surveillance Program*

In his Motion to Suppress Evidence Obtained from Aerial Surveillance Program, Rivers seeks to suppress all evidence obtained through the Baltimore Police Department's Aerial Investigation Research ("AIR") program, as the Fourth Circuit held in *Leaders of a Beautiful*

*Struggle v. Baltimore Police Dep't*, 2 F.4th 330 (4th Cir. 2021) that warrantless surveillance using the AIR program violates the Fourth Amendment. (*See generally* ECF No. 1101.) In particular, Rivers challenges an August 26, 2020 warrant authorizing the search of Ring home camera footage. (*Id.*) The affidavit in support of the warrant relied on AIR program data. (*See* ECF No. 1101-1 at 5 (warrant application explaining that the affiant "identified a suspect vehicle" and "[t]he surveillance plane tracked the suspect vehicle from the scene of the crime to the 1100 blk Myrtle Ave. The vehicle was found parked in the 1100 blk Myrtle Ave near 1128 Myrtle Ave.").) Rivers argues that this warrantless use of AIR program data violated his Fourth Amendment rights and seeks the suppression of evidence obtained in connection with the August 26, 2020 warrant. (*See* ECF No. 1101.)

Even if law enforcement's conduct in obtaining the warrant may be unreasonable today following *Leaders*, evidence "obtained in objectively reasonable reliance on a subsequently invalidated search warrant" is not subject to the exclusionary rule unless certain circumstances are present. *United States v. Leon*, 468 U.S. 897, 922 (1984). "[W]hen the police act with an objectively reasonable good-faith belief that their conduct is lawful . . . the deterrence rationale loses much of its force and exclusion cannot pay its way." *Davis v. United States*, 564 U.S. 229, 238 (2011) (citation and quotations omitted). "The basic insight of the *Leon* line of cases is that the deterrence benefits of exclusion 'var[y] with the culpability of the law enforcement conduct' at issue." *Id.* (citation omitted).

Here, the deterrent purpose of *Leon* is not served by suppressing the evidence. At the time of the warrant in question, the Fourth Circuit had not yet decided *Leaders*. Rather, a judge of this Court had ruled that the plaintiffs in *Leaders* "ha[d] not established a likelihood of success on the merits of their Fourth Amendment claim." *Leaders of a Beautiful Struggle v. Baltimore Police*

*Dep't*, 456 F. Supp. 3d 699, 717 (D. Md. 2020), *aff'd*, 979 F.3d 219 (4th Cir. 2020), *and rev'd on reh'g*, 2 F.4th 330 (4th Cir. 2021) (en banc). The District Court issued its decision in April 2020. A panel of the Fourth Circuit initially affirmed that decision in November 2020 before the Fourth Circuit, sitting en banc, reversed it in June 2021.

Given this history of *Leaders*, and particularly the District Court's then-undisturbed ruling on the matter, the Court finds that the officer executing the warrant in August 2020 acted with an objectively reasonable good-faith belief that his conduct was lawful. Accordingly, the Court finds that that suppression of the evidence obtained through that warrant is not warranted. *Cf. Davis*, 564 U.S. at 241 ("Responsible law enforcement officers will take care to learn what is required of them under Fourth Amendment precedent and will conform their conduct to these rules . . . . An officer who conducts a search in reliance on binding appellate precedent does no more than act as a reasonable officer would and should act under the circumstances." (citations omitted)).[1]

## II. *Motion to Suppress Evidence Obtained from Search of Instagram Account*

Further, Rivers seeks the suppression of evidence obtained through the search of his Instagram account. (ECF No. 1100.) As discussed during the Motions Hearing, the parties will be directed to provide additional briefing regarding this Motion in which they must address, *inter alia*, the applicability of *Leon*. Further, in connection with Rivers' Motion to Suppress iPhone and iCloud Searches, which the Court addressed at a prior Motions Hearing, the Court directed the Government to no longer "meaningfully retain access to the iCloud data beyond what the Government had already identified as responsive." (ECF No. 986 at 4.) In so concluding, the

---

[1] Rivers points to cases that he argues should have alerted law enforcement to the Fourth Amendment infirmity of the AIR program, including *United States v. Jones*, 565 U.S. 400 (2012), *Riley v. California*, 573 U.S. 373 (2014), and *Carpenter v. United States*, 138 S. Ct. 2206 (2018). (ECF No. 1139 at 3–4.) However, the Court disagrees that these cases would have caused a reasonable officer to conclude that the AIR program was unconstitutional. The Court will not hold law enforcement officers to such a standard. Indeed, the District Court and Fourth Circuit opinions that initially found the program constitutional each discussed *Carpenter* at length.

3

Court explained that:

> Rule of Criminal Procedure 41(e)(2)(B) provides that "[u]nless otherwise specified, [a] warrant [for electronically stored information] authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in Rule 41(e)(2)(A) and (f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review." While Rule 41 contemplates a later review of data, and "there is no established upper limit as to when the government must review seized electronic data to determine whether the evidence falls within a scope of the warrant, courts have recognized that the Fourth Amendment requires the government to complete its review . . . within a reasonable period of time.'" *United States v. Nasher-Alneam*, 399 F. Supp. 3d 579, 589 (S.D.W. Va. 2019) (quoting *United States v. Wey*, 256 F. Supp. 3d 355, 383–82 (S.D.N.Y. 2017)) (internal quotation marks omitted). The Government has had access to the iCloud data since at least February 2021, an ample amount of time to conduct the necessary review. Continued access to search through the data beyond what the Government has already identified as responsive in its report would be unreasonable.

(*Id.* at 3–4.) Like the iCloud data at issue previously, the Government has had an ample amount of time to conduct any review of the Instagram data, as it has had access to it since December 2020. (*See* ECF No. 1100 at 3.) Therefore, the Government will be directed to no longer meaningfully retain access to the Instagram data beyond what it has already identified as responsive.

## III. Conclusion

Accordingly, for the reasons stated in open court and as expanded upon herein, it is ORDERED that:

1. Cawthorn's Motion to Suppress Statements (ECF No. 344) is DENIED;[2]

2. Desmond Butler's Motion to Suppress Evidence (ECF No. 1007) is DENIED;

3. Rivers' Motion to Suppress Evidence Obtained from Aerial Surveillance Program (ECF No. 1101) is DENIED;

---

[2] The Court previously denied this Motion as moot as it related to an August 3, 2018 statement. (*See* ECF No. 986.) The Court now denies the Motion as to the August 28, 2018 statement. The Motion is now fully resolved.

4. The parties are DIRECTED to file simultaneous briefing by June 12, 2023 regarding Rivers' Motion to Suppress Evidence Obtained from Search of Instagram Account (ECF No. 1100); and

5. The Government SHALL NOT meaningfully retain access to the Instagram data beyond what it has already identified as responsive.

DATED this 5 day of June, 2023.

BY THE COURT:

James K. Bredar
Chief Judge